LANGE, PETITIONER AND APPELLANT, v. PEOPLE, RESPONDENT.

APPEAL from the District Court of Mayagüez in Habeas Corpus Proceedings.

No. 1087.—Decided February 24, 1917.

ASSAULT AND BATTERY—ORIGIN OF STATUTES.—Sections 1 to 8 inclusive of the Act to define and punish simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, and to repeal section 237 of the Penal Code, approved March 10, 1904, are literal copies, with the exception of a few insignificant changes, of sections 587, 593, 594, 595, 598, 601, 602 and 603 of the Penal Code of Texas.

ID.—AGGRAVATING CIRCUMSTANCES—DEGREE OF CRIME—CONSTRUCTION OF LAW—INTENTION OF LEGISLATURE.—No separate and distinct offense was intended to be created by the mere enumeration of aggravating circumstances in section 6 of the Act of March 10, 1904, defining and punishing assault and assault and battery, or by the provision in section 8 for the imposition of a heavier penalty by reason thereof. Section 6 refers to assault as well as to assault and battery, for the history, context and plainly expressed purpose of the Act show that in providing that "assault and battery" shall be considered aggravated when attended by the circumstances enumerated therein, the Legislature intended to say "assault or battery"; which interpretation is in complete harmony with the spirit and text of section 3 and subdivision 14 of section 559 of the Penal Code, and does no great violence to the true principle of strict construction as understood and applied by the best modern authorities, who "recognize only one rule as absolutely invariable, namely, to seek out and enforce the actual meaning and will of the law-making power."

The facts are stated in the opinion.

Messrs. Feliú & Alemañy for the appellant.

Mr. Salvador Mestre, fiscal, for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was prosecuted for assault with intent to murder and a conviction of aggravated assault was affirmed on appeal, People v. Lange, ante p. 210.

The present appeal is from a judgment dismissing a petition for habeas corpus.

Several errors are assigned, all based on the single proposition sought to be established by appellant in his brief, to wit, that the crime of aggravated assault does not exist in Porto Rico.

Section 237 of the Penal Code, as adopted in 1902, punishing assault with a deadly weapon, was repealed in 1904 by an act entitled "An Act to define and punish simple assault, simple assault and battery, aggravated assault, and aggravated assault and battery, and to repeal section 237 of the Penal Code." With the exception of a few insignificant changes,—such as the substitution of the word "court" for the word "jury" in section 7, and the apparently inadvertent use of the word "and" instead of "or" in section 6, which enumerates the circumstances under which (italics ours) "an assault *and* battery becomes aggravated,"—sections 1 to 8, inclusive, of the later law are literal copies of articles 587, 593, 594, 595, 598, 601, 602 and 603 of the Texas Penal Code.

Section 8, in harmony with the purpose of the enactment plainly expressed in its title, expressly prescribes the punishment for aggravated assault as clearly distinguished therein from aggravated assault and battery. Subdivisions 1, 6 and 7 of section 6, without mention of battery, speak of the "person assaulted," and subdivision 6 uses the disjunctive in its reference to an assault or battery with a whip, cowhide or cane. Section 1 specifically defines and carefully distinguishes between an assault and an assault and battery. Section 5 scrupulously observes the same distinction in fixing the punishment for a simple assault, or for assault and battery unattended with circumstances of aggravation. Section 6 does not create a new crime. It does not undertake to convert the misdemeanors already defined into felonies. It merely enumerates the various circumstances which, when once properly charged and shown to exist, may justify the trial court in imposing the heavier penalty prescribed in section 8. Article 596 of the Texas Code, out of a seemingly unnecessary abundance of caution, sets forth that "the word 'battery' is used in this code in the same sense as 'assault and battery,'" and article 601 provides (italics ours) that

"an assault *or* battery" becomes aggravated when committed under certain specified circumstances; which we think is what our Legislature plainly intended to say in the statement (section 6 of the law of 1904, [italics ours]) that "assault *and* battery becomes aggravated when committed under" identical circumstances. Sutherland on Statutory Construction, p. 330, sec. 252. Indeed, if we are to consider at all the context and the purpose of the law as expressed in its title, no other interpretation seems plausible. Moreover, it is a significant fact that for more than a decade no one has suggested a different construction and apparently the idea never occurred even to petitioner until after his conviction had been affirmed by this court on his first appeal.

We cordially concur in the theory of appellant that no man should stand convicted of any crime that is not clearly defined as well as punished by the Penal Code, and that the language of the latter should never be stretched by construction to include any offense not plainly within the contemplation of the Legislature. Previous decisions of this court speak for themselves in no uncertain tone on this point and we have no intention whatever of deviating in the slightest degree from the doctrine heretofore adopted in this regard. But this is an extreme case amounting to an exception that can only serve to emphasize the general rule which, like all other safeguards that the law in its wisdom has placed for the protection of the rights of men, should never be pressed beyond the bounds of reason and common sense to thwart the unmistakable purpose and meaning of the law. Both assault and assault and battery, as we have already pointed out, are clearly defined and punished, and, as also above indicated, no separate and distinct offense is intended to be created by the mere enumeration of circumstances amounting to an aggravation of these misdemeanors, together with provision for the infliction of a somewhat heavier penalty by reason of such attendant circumstances. We have heretofore held

that a judgment need not specify the grade of the crime in assault and battery if the complaint and the proof show the offense. *People* v. *Benítez,* 23 P. R. R. 315. See also Wharton's Criminal Law (11th ed.), Vol. II, p. 1051, sec. 838; 5 C. J. 728, sec. 196; 3 Bishop's New Criminal Procedure (2d ed.), p. 1261, sec. 63.

On the first page of our Penal Code we are told that all provisions and sections thereof "are to be construed according to the fair construction of their terms, with a view to effect its object and to promote justice." And among the final provisions, after the enumeration of certain words which are to have the signification therein attached to them "unless otherwise apparent from the context," we find specifically enacted into an imperative rule for the interpretation of penal statutes the well-known general principle that "words and phrases must be construed according to the context and the approved usage of the language."

Thus, in anticipation of just such questions as the one now under consideration, the code is its own interpreter; the language quoted, although it disposes of the contention of appellant herein, does no great violence to the true principle of strict construction as understood and applied by the best modern authorities, who "recognize only one rule as absolutely unvarying, namely, to seek out and enforce the actual meaning and will of the law-making power." Black on Interpretation of Laws (2d ed.), preface and pages 228–230, 447–450.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.